UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SARAH J. E.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. 3:18-CV-05986-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: May 24, 2019

The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff filed this matter seeking judicial review of Defendant's denial of her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB").

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") failed to properly consider the medical opinion of Dr. Kimberly Wheeler, Ph.D. Had the ALJ properly considered this opinion, the ALJ may have included additional limitations in the residual functional capacity ("RFC") assessment. Therefore, the ALJ's errors are harmful and this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to

the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Report and Recommendation.

## FACTUAL AND PROCEDURAL HISTORY

On January 21, 2016, Plaintiff filed applications for SSI and DIB, alleging disability as of November 27, 2014. *See* Dkt. 8, Administrative Record ("AR") 15. The applications were denied upon initial administrative review and on reconsideration. *See* AR 15. ALJ S. Andrew Grace held a hearing on January 9, 2018. AR 39-66. In a decision dated May 3, 2018, the ALJ determined Plaintiff to be not disabled. AR 12-38. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. §§ 404.981, 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to properly consider: (1) opinion evidence from Dr. Wheeler; Dr. Samantha Artherholt, Ph.D.; Ms. April Ajayya Godsey, LMHC; and Dr. Norman Staley, M.D.; (2) Plaintiff's panic disorder at Step Two at the sequential evaluation process; and (3) Plaintiff's subjective symptom testimony and lay witness statements from Mario Winkelman and Sean Pakonen. Dkt. 10, pp. 3-16. Plaintiff requests the Court remand this matter for an award of benefits. *Id.* at pp. 16-18.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.      Whether the ALJ properly considered the opinion evidence.**

Plaintiff argues the ALJ failed to properly assess opinion evidence from Dr. Wheeler, Dr. Artherholt, and Ms. Godsey, who opined to Plaintiff's mental limitations, and Dr. Staley, who opined to Plaintiff's physical limitations. Dkt. 10, pp. 3-8, 15-16.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

"Other medical source" testimony, which the Ninth Circuit treats as lay witness testimony, "is competent evidence an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *see also Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1224 (9th Cir. 2010). In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted. *Lewis*, 236 F.3d at 512.

A.  <u>Dr. Wheeler</u>

Plaintiff contends the ALJ failed to properly consider Dr. Wheeler's medical opinion. Dkt. 10, pp. 3-4, 5-6. Dr. Wheeler conducted a psychological/psychiatric evaluation of Plaintiff on November 5, 2015. AR 586-90. Dr. Wheeler's evaluation included a record review, clinical interview, and mental status examination. *See* AR 586-90. Dr. Wheeler diagnosed Plaintiff with social phobia, generalized anxiety "with elements of panic and [post-traumatic stress disorder ("PTSD")]," and depression. AR 587. In addition, Dr. Wheeler determined Plaintiff may have borderline personality disorder. *See* AR 588.

Regarding Plaintiff's ability to conduct basic work activities, Dr. Wheeler opined Plaintiff has moderate limitations in her ability to understand, remember, and persist in tasks by following very short and simple instructions. AR 588. Dr. Wheeler found Plaintiff moderately limited in her ability to adapt to changes in a routine work setting, ask simple questions or request assistance, and set realistic goals and plan independently. AR 588. Moreover, Dr. Wheeler determined Plaintiff has marked limitations in her ability to understand, remember, and persist in tasks by following detailed instructions and communicate and perform effectively in a work setting. AR 588. Dr. Wheeler also opined Plaintiff is markedly limited in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, and in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms. AR 588. Overall, Dr. Wheeler found Plaintiff markedly limited "based on the combined impact of all diagnosed mental impairments." AR 588.

The ALJ assigned "partial weight" to Dr. Wheeler's opinion, noting he agreed with Dr. Wheeler's opined mild to moderate limitations but found "the marked limits . . . not supported." AR 27. In particular, the ALJ rejected Dr. Wheeler's opined marked limitations because:

> (1) The medical evidence shows treatment notes in October of 2015 and March of 2016 indicating stabilization and improvement in symptoms around this time. The marked limitations are not consistent with the medical records. (2) Furthermore, the marked limits are inconsistent with the doctor's clinical findings. Specifically, the doctor found she had intact thought process and content, orientation, perception, memory, fund of knowledge, abstract thought, and insight and judgment.

AR 27 (citations omitted) (numbering added).

First, the ALJ discounted Dr. Wheeler's opinion because he found the marked limitations not consistent with contemporaneous medical records, particularly treatment notes from October 2015 and March 2016 "indicating stabilization and improvement in symptoms[.]" AR 27 (citing AR 656, 670). An ALJ can discount a medical opinion if there are inconsistencies between that opinion and contemporaneous treatment records. *Parent v. Astrue*, 521 Fed. Appx. 604, 608 (9th Cir. 2013) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008)). Nonetheless, "an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than . . . criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey*, 849 F.2d at 421-22 (internal footnote omitted).

1       Here, the ALJ summarily concluded that Dr. Wheeler's opined marked limitations are

2 inconsistent with treatment notes purportedly showing "stabilization and improvement in

3 symptoms around this time." AR 27 (citing AR 656, 670). The ALJ failed to explain, however,

4 how the cited treatment notes show Plaintiff experienced "stabilization and improvement" in her

5 symptoms. *See* AR 27. The ALJ further failed to explain how these notes are inconsistent with

6 Dr. Wheeler's opinion. *See* AR 27. Hence, the ALJ's conclusory statement is not a specific,

7 legitimate reason to discount Dr. Wheeler's opinion. *See McAllister v. Sullivan*, 888 F.2d 599,

8 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was

9 contrary to the record was "broad and vague, failing to specify why the ALJ felt the treating

10 physician's opinion was flawed"); *Embrey*, 849 F.2d at 422 (an ALJ cannot merely state facts he

11 claims "point toward an adverse conclusion and make[] no effort to relate any of these objective

12 factors to any of the specific medical opinions and findings [he] rejects").

13      Additionally, the ALJ's statement that Dr. Wheeler's opinion is inconsistent with

14 contemporaneous treatment notes lacks support from substantial evidence in the record. To

15 support this finding, the ALJ cited two treatment records – one from October 2015 and one from

16 March 2016. AR 27 (citing AR 656, 670). But the October 2015 record the ALJ cited contains

17 few mental health findings. *See* AR 670. Given the ALJ's lack of explanation, the Court is

18 unable to ascertain whether, and if so, how, this record is inconsistent with Dr. Wheeler's

19 opinion. Moreover, Plaintiff's treating physician noted in the March 2016 treatment note that

20 Plaintiff was experiencing several "affective symptoms," including "anhedonia (decreased

21 interest in hobbies), anxious mood, decreased appetite, hypersomnia, decreased ability to

22 concentrate, fatigue and tendency towards indecisiveness." AR 657. The physician also noted

23 Plaintiff's insomnia was associated with various symptoms, including "agitation, anxiety and

24

1   depressive symptoms (impaired concentration)." AR 657. These mental health symptoms are not
2   necessarily inconsistent with Dr. Wheeler's opinion that Plaintiff is markedly limited in her
3   ability to conduct basic work activities. Thus, considering the context of the treatment notes cited
4   by the ALJ, the ALJ's conclusory statement is insufficient to reject Dr. Wheeler's opinion. *See*
5   *Embrey*, 849 F.2d at 421-22 (conclusory reasons do "not achieve the level of specificity"
6   required to justify an ALJ's rejection of an opinion); *Reddick*, 157 F.3d at 722-23 ("In essence,
7   the ALJ developed his evidentiary basis by not fully accounting for the context of materials or all
8   parts of the testimony and reports. His paraphrasing of record material is not entirely accurate
9   regarding the content or tone of the record.").

10         Second, the ALJ discounted Dr. Wheeler's opinion because he found the opined marked
11  limitations inconsistent with her "clinical findings." AR 27. An ALJ may reject an opinion that is
12  "inadequately supported by clinical findings." *Bayliss*, 427 F.3d at 1216 (citing *Tonapetyan v.*
13  *Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)). The ALJ in this case determined Dr. Wheeler's
14  opinion is inconsistent with her clinical findings and described some findings from Dr.
15  Wheeler's mental status examination. *See* AR 27. Yet once again, the ALJ provided vague,
16  conclusory reasoning, as he failed to explain how any of the cited findings are inconsistent with
17  Dr. Wheeler's opinion. *See* AR 27. Accordingly, this is not a specific, legitimate reason to
18  discount Dr. Wheeler's opinion. *See Embrey*, 849 F.2d at 421 (emphasis added) (an ALJ errs
19  when he states a medical opinion is contrary to the objective findings without further
20  explanation, "*even when the objective factors are listed seriatim*"); *Blakes v. Barnhart*, 331 F.3d
21  565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the
22  evidence to her conclusions so that we may afford the claimant meaningful review of the
23  [Social Security Administration's] ultimate findings.").

24

1    The Court also notes that, in finding Dr. Wheeler's opinion inconsistent with her
2 clinical findings, the ALJ overlooked abnormal aspects of Dr. Wheeler's examination. For
3 instance, Dr. Wheeler's clinical interview with Plaintiff indicated a history of abuse. *See* AR
4 586; *see also Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (clinical interviews are
5 "objective measures"). In addition, Dr. Wheeler documented in her clinical findings that Plaintiff
6 is anxious, "[f]earful of others," experiences "[h]yperarousal," and is occasionally hypervigilant.
7 AR 587. Dr. Wheeler noted Plaintiff experiences PTSD symptoms, exhibits "elements" of
8 borderline personality, and experiences dissociation. AR 587. In the mental status examination,
9 Dr. Wheeler found Plaintiff anxious and dysphoric. AR 589.

10   Considering the ALJ's lack of explanation and selective record reliance, this is not a
11 specific, legitimate reason, to reject Dr. Wheeler's opinion. *See Attmore v. Colvin*, 827 F.3d 872,
12 875 (9th Cir. 2016) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (the Court
13 "cannot affirm . . . 'simply by isolating a specific quantum of supporting evidence,' but 'must
14 consider the record as a whole, weighing both evidence that supports and evidence that detracts
15 from the [Commissioner's] conclusion'").

16   The ALJ failed to provide any specific and legitimate reason, supported by substantial
17 evidence, to discount Dr. Wheeler's opinion. Accordingly, the ALJ erred.

18   Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d
19 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or
20 "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc.*
21 *Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The Ninth
22 Circuit has held "'a reviewing court cannot consider an error harmless unless it can confidently
23 conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a
24

1 different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015)

2 (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless

3 requires a "case-specific application of judgment" by the reviewing court, based on an examination

4 of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'"

5 *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

      Here, had the ALJ properly considered Dr. Wheeler's opinion, the RFC and hypothetical questions posed to the vocational expert ("VE") may have contained greater limitations. For example, the RFC and hypothetical questions posed to the VE may have reflected Dr. Wheeler's opinion that Plaintiff is markedly limited in her ability perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision. The RFC and hypothetical questions may have further indicated Plaintiff is markedly limited in her ability to complete a normal workday and workweek without interruptions for psychologically based symptoms. Because the ultimate disability determination may have changed with proper consideration of Dr. Wheeler's opinion, ALJ's errors are not harmless and require reversal.

      B.  <u>Dr. Artherholt and Ms. Godsey</u>

      Plaintiff next maintains the ALJ failed to properly consider opinions from Dr. Artherholt and Ms. Godsey on Plaintiff's mental limitations. Dkt. 10, pp.4-5, 6-8. The undersigned has concluded the ALJ committed harmful error in assessing Dr. Wheeler's opinion and this case must be remanded for further consideration of this opinion. *See* Section I. A., *supra*. As this case must be remanded, the undersigned recommends the Court decline to consider whether the ALJ harmfully erred in his consideration of the opinion evidence from Dr.

Artherholt and Ms. Godsey. Rather, the undersigned recommends the ALJ be instructed to re-evaluate this entire matter on remand, including the opinions of Dr. Artherholt and Ms. Godsey.

### C. Dr. Staley

Further, Plaintiff asserts the ALJ failed to properly assess Dr. Staley's opinion on Plaintiff's physical limitations. Dkt. 10, pp. 13-14. Plaintiff specifically argues that although the ALJ wrote he intended to include greater limitations in the RFC than those opined to by Dr. Staley, the ALJ failed to do so with respect to Plaintiff's ability to handle and finger. *Id.*

An ALJ "need not discuss all evidence presented." *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). But an ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Id.* at 571. Thus, an ALJ errs when he provides an incomplete RFC ignoring "significant and probative evidence." *Jones v. Colvin*, 2015 WL 71709, at *5 (W.D. Wash. Jan. 6, 2015) (citing *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012)).

Dr. Staley reviewed the medical evidence on July 24, 2015 and opined, in relevant part, Plaintiff is limited to occasional handling with her right hand and occasional fingering bilaterally. AR 106-07, 122-23. The ALJ assigned "[p]atrial weight" to Dr. Staley's opinion, writing that he "included additional limits" in the RFC than those which Dr. Staley opined. *See* AR 27. Yet the RFC and hypothetical questions posed to the VE stated Plaintiff could "frequently" handle and finger bilaterally, which is less restrictive than Dr. Staley's opinion that Plaintiff can only occasionally handle with her right hand and occasionally finger bilaterally. *Compare* AR 20, 58-64 (RFC and VE's testimony) *with* AR 106-07, 122-23 (Dr. Staley's opinion).

Because the ALJ wrote that he included greater limitations than those which Dr. Staley opined, but provided lesser limitations in the RFC and VE's hypothetical questions on Plaintiff's ability to handle and finger, the Court cannot determine whether the ALJ properly considered these findings from Dr. Staley. The ALJ therefore erred by failing to explain the weight given to this significant probative evidence. *See Flores*, 49 F.3d at 571 (an ALJ's written decision must state reasons for disregarding significant probative evidence); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (the ALJ must "set forth the reasoning behind [his] decisions in a way that allows for meaningful review").

As the undersigned has recommended the ALJ be instructed to re-evaluate this entire matter on remand, the Court need not decide whether the ALJ's error in assessing Dr. Staley's opinion was harmful. Instead, the undersigned recommends the Court direct the ALJ to reassess Dr. Staley's opinion on remand with his reconsideration of all the medical opinion evidence.

**II.    Whether the ALJ properly considered Plaintiff's panic disorder at Step Two, Plaintiff's subjective symptom testimony, and lay witness testimony.**

Plaintiff asserts the ALJ erred by failing to consider Plaintiff's panic disorder at Step Two of the sequential evaluation process. Dkt. 10, pp. 8-9. Additionally, Plaintiff contends the ALJ improperly assessed Plaintiff's subjective symptom testimony and lay witness statements from Mr. Winkelman and Mr. Pakonen. *Id.* at pp. 9-15.

The undersigned has determined the ALJ harmfully erred in his assessment of medical opinion evidence and recommends the ALJ be directed to re-evaluate this entire matter on remand. *See* Section I., *supra*. As such, the ALJ should be instructed to reconsider Plaintiff's impairments at Step Two, including whether her panic disorder is a severe impairment. Likewise, as Plaintiff will be able to present new evidence and testimony on remand, and because proper consideration of the medical opinion evidence may impact the ALJ's assessment of Plaintiff's

1  subjective symptom testimony and the lay witness statements, the Court need not consider

2  whether the ALJ erred with respect to this evidence. Rather, the undersigned recommends the

3  Court instruct the ALJ to reweigh Plaintiff's subjective symptom testimony and the lay witness

4  statements as necessary on remand.

5  **III.     Whether the case should be remanded for an award of benefits.**

6  Plaintiff argues this matter should be remanded with a direction to award benefits. *See*

7  Dkt. 10, pp. 16-18. The Court may remand a case "either for additional evidence and findings or

8  to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the

9  Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand

10 to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587,

11 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for

12 determining when evidence should be credited and an immediate award of benefits directed[.]"

13 *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded

14 where:

15 > (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved
16 > before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such
17 > evidence credited.

18 *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

19 The undersigned has determined the ALJ committed harmful error and has recommended

20 the ALJ be instructed to reconsider this entire opinion on matter, including Step Two, Plaintiff's

21 subjective symptom testimony, and the lay witness statements. As such, outstanding issues

22 remain regarding Plaintiff's severe impairments, the medical opinion evidence, the RFC, Plaintiff's

23 testimony, the lay witness statements, and Plaintiff's ability to perform jobs existing in significant

24

numbers in the national economy. The record may, for example, need development with respect to the jobs Plaintiff can perform if the ALJ includes physical limitations to reflect Dr. Staley's opinion. As outstanding issues remain, remand for further consideration of this matter is appropriate.

## CONCLUSION

Based on the above stated reasons, the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings consistent with this Report and Recommendation. The undersigned also recommends judgment be entered for Plaintiff and the case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 24, 2019, as noted in the caption.

Dated this 9th day of May, 2019.

David W. Christel
United States Magistrate Judge